UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM BOULWARE, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1.  The mailing addresses of the parties to this action are:

    WILLIAM BOULWARE
    16 Sophia Avenue
    Vauxhall, New Jersey 07088

    MIDLAND CREDIT MANAGEMENT, INC.
    320 E Big Beaver Rd, Unit 300
    Troy, Michigan 48083

**PRELIMINARY STATEMENT**

2.  Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that Defendants, MIDLAND CREDIT MANAGEMENT, INC. ("MCM") and JOHN DOES 1-25, their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d). This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Union County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. MCM maintains a location at 320 E Big Beaver Rd, Unit 300, Troy, Michigan 48083.

8. MCM uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. MCM is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series

of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent letters and/or notices from MCM (See Exhibit A) which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

    b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

        i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

        ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

        iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

        iv. Whether Plaintiff and the Class are entitled to declaratory relief.

    c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

    d. <u>Adequacy of Representation</u>: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to March 9, 2021, Plaintiff allegedly incurred a financial obligation to SYNCHRONY BANK ("SYNCHRONY").

19. The SYNCHRONY obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the SYNCHRONY obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The SYNCHRONY obligation did not arise out of a transaction that was for non-personal use.

22. The SYNCHRONY obligation did not arise out of transactions that were for business use.

23. The SYNCHRONY obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. SYNCHRONY is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. At some time prior to February 2, 2021, the SYNCHRONY obligation was allegedly purchased by and/or sold to MCM.

26. On or about February 2, 2021, MCM filed a lawsuit against Plaintiff in the Superior Court of New Jersey, Special Civil Part, Essex County in an attempt to collect the SYNCHRONY obligation.

27. MCM through its actions waived its right to elect any arbitration related to the SYNCHRONY obligation.

28. MCM specifically elected that any claims related to the SYNCHRONY obligation be brought in court rather than being brought in binding arbitration.

29. Defendants caused to be delivered to Plaintiff a letter dated March 9, 2021, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

30. The March 9, 2021 letter was sent to Plaintiff in connection with the collection of the SYNCHRONY obligation.

31. The March 9, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32. Upon receipt, Plaintiff read the March 9, 2021 letter.

33. The March 9, 2021 letter provided the following information regarding the balance claimed due on the SYNCHRONY obligation:

| | |
|---|---|
| Date Account Opened: | 07/09/2017 |
| Date Account Charged-Off: | 05/12/2019 |
| Last Payment Date, if any: | 11/05/2018 |
| Current Principal: | $1,025.84 |
| Current Costs: | $0.00 |
| Current Fees: | $0.00 |
| Current Balance: | $1,025.84 |

34. Immediately after providing the above information to Plaintiff, the March 9, 2021 letter stated in part:

> The Current Balance listed above is the amount we are seeking to collect and includes any charges that may apply to this account as of the date of this letter. In addition charges may continue to accrue on this account, including additional costs associated with litigation, until the account is satisfied. Thus, the amount we may be willing to accept in settlement of the lawsuit may be greater than the amount above.

35. Plaintiff and others similarly situated would understand that the "Current Balance" included charges, such as interest, late charges and over-the-limit charges, which had been assessed by SYNCHRONY.

36. Plaintiff and others similarly situated would also understand that these charges (interest, late charges and over-the-limit charges) would continue to be assessed on the SYNCHRONY obligation by MCM.

37. As SYNCHRONY ceased sending Plaintiff and others similarly situated periodic statements once the SYNCHRONY obligations were charged off, the creditor (and any subsequent assignee) was prohibited from charging any additional charges, fees or interest on the accounts. See 12 CFR 226.5(b)(2)(i).

38. Plaintiff and others similarly situated would believe that "additional costs associated with litigation" were due on the SYNCHRONY obligation at the time a lawsuit was filed rather than being due only if a judgment was entered against Plaintiff and others similarly situated.

39. MCM is not entitled to assess its "additional costs associated with litigation" against Plaintiff until after a judgment is entered.

40. At the bottom of the March 9, 2021 letter, it stated:

> PLEASE UNDERSTAND THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

41. As of the date of the March 9, 2021 letter, SYNCHRONY did not have the legal or contractual authority to assess interest, late charges or over-the-limit charges on the SYNCHRONY obligation. See Hovermale v. Immediate Credit Recovery, Inc., 2016 WL 4157160 (D.N.J. August 4, 2016); Hovermale v. Immediate Credit Recovery, Inc., 2018 WL 6322614 (D.N.J. December 4, 2018).

42. As of the date of the March 9, 2021 letter, MCM did not have the legal or contractual authority to assess interest, late charges or over-the-limit charges on the SYNCHRONY obligation. See Hovermale v. Immediate Credit Recovery, Inc., 2016 WL 4157160 (D.N.J. August 4, 2016); Hovermale v. Immediate Credit Recovery, Inc., 2018 WL 6322614 (D.N.J. December 4, 2018).

43. At some time prior to March 9, 2021, interest, late fees and over-the-limit charges ceased being charged or added to the balance of the SYNCHRONY obligation.

44. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

45. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response or know the amount actually owed on the SYNCHRONY obligation.

46. MCM knew or should have known that its actions violated the FDCPA.

47. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

48. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

   (c) Making a false representation of the character, amount or legal status of the debt; and

   (d) Using unfair or unconscionable means to collect or attempt to collect any debt.

49. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

50. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

51. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

52. Defendant's letters would lead the least sophisticated consumer to believe that the amount due could increase due to interest, late charges, other charges and collection costs.

53. Defendants' representation that the amount due could increase due to additional interest, late charges and other charges when in fact the amount due would not and did not increase due to interest, late charges and other charges violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; §1692e(2)(A); §1692e(5); and § 1692e(10).

54. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

55. Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

56. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to interest, late charges and other charges.

57. As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

58. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

59. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

60. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of any debt.

61. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase due to interest, late charges and other charges.

62. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

63. Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional interest, late charges and other charges when in fact the amount due would not and did not increase due to interest, late charges and other charges.

64. As described herein, Defendants violated 15 U.S.C. § 1692e(5) by falsely representing the character, amount or legal status of any debt.

65. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

66. As described herein, Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

67. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

68. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

69. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

70. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

71. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

72. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

73. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: November 19, 2021                                Respectfully submitted,

By:   *s/ Joseph K. Jones*
      Joseph K. Jones, Esq. (JJ5509)
      **JONES, WOLF & KAPASI, LLC**
      375 Passaic Avenue
      Fairfield, New Jersey 07004
      (973) 227-5900 telephone
      (973) 244-0019 facsimile
      jkj@legaljones.com

      *Attorneys for Plaintiff*


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: November 19, 2021

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
**JONES, WOLF & KAPASI, LLC**
375 Passaic Avenue
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

*Attorneys for Plaintiff*

# EXHIBIT

# A



Midland Credit Management

Contact Information: (866) 300-8750
Facsimile: (877) 411-6864
P.O. Box 2121, Warren MI 48090
Current Owner: Midland Credit Management, Inc.
Original Creditor: SYNCHRONY BANK
Original Account No.: XXXXXXXXXXXX-6955
Internal Legal Account No.: ▮▮▮▮1337

March 09, 2021

WILLIAM BOULWARE
▮▮▮▮▮▮▮▮

Dear WILLIAM BOULWARE,

We are in receipt of your request for validation of your debt under the Fair Debt Collection Practices Act and/or applicable law and we are responding accordingly. Enclose please find documents validating your debt.

| | |
|---|---|
| Date Account Opened: | 07/09/2017 |
| Date Account Charged-Off: | 05/12/2019 |
| Last Payment Date, if any: | 11/05/2018 |
| Current Principal: | $1,025.84 |
| Current Costs: | $0.00 |
| Current Fees: | $0.00 |
| Current Balance: | $1,025.84 |

The Current Balance listed above is the amount we are seeking to collect and includes any charges that may apply to this account as of the date of this letter. In addition charges may continue to accrue on this account, including additional costs associated with litigation, until the account is satisfied. Thus, the amount we may be wiling to accept in settlement of the lawsuit may be greater than the amount above.

We can be reached at (866) 300-8750 should you have any further questions. Your MCM account number is ▮▮▮▮333. When calling us to discuss your account, please use the Internal Legal account number of 20-▮▮▮▮▮.

Sincerely,

Boris Salamakhin
Midland Credit Management, Inc.
(866) 300-8750

PLEASE UNDERSTAND THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.